Jesse Beaudette, Esq.
Ryan T. Heuwinkel, Esq.
BOHYER, ERICKSON, BEAUDETTE & TRANEL, P.C.
283 West Front, Suite 201
Post Office Box 7729
Missoula, Montana  59807-7729
Telephone: (406) 532-7800
Facsimile: (406) 549-2253
Email:  mail@bebtlaw.com

*Attorneys for Plaintiff*

IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF MONTANA

BILLINGS DIVISION

| | |
|---|---|
| BITCO GENERAL INSURANCE CORPORATION,<br><br>Plaintiff,<br><br>-vs.-<br><br>WESCO OPERATING, INC., ST. PAUL FIRE & MARINE INSURANCE COMPANY, 4J WELL SERVICE, INC., ST. PAUL MERCURY INSURANCE COMPANY, CT CONTRACTING, INC., SHARON M. TRONSTAD AND TROY D. O'CONNOR AS CO-PERSONAL REPRESENTATIVES OF THE ESTATE OF CHAD LEROY TRONSTAD,<br><br>Defendants. | Cause No. CV-21-_____<br><br>**COMPLAINT FOR DECLARATORY JUDGMENT** |

Plaintiff BITCO General Insurance Corporation ("BITCO General"), pursuant to 28 U.S.C. §2201, *et seq*., by and through its undersigned counsel, and for its Complaint for Declaratory Judgment against Defendants Wesco Operating,

Inc., St. Paul Fire & Marine Insurance Company, 4J Well Service, Inc., St. Paul Mercury Insurance Company, CT Contracting, Inc., and Sharon M. Tronstad and Troy D. O'Connor as Co-Personal Representatives of the Estate of Chad Leroy Tronstad, alleges as follows:

## STATEMENT OF THE CASE

1.     This is an action by Plaintiff BITCO General for a declaration that BITCO General has no obligations to Defendants Wesco Operating, Inc. ("Wesco Operating") or 4J Well Service, Inc. ("4J Well Service") under a commercial general liability policy and a commercial umbrella policy which BITCO General issued to CT Contracting, Inc. ("CT Contracting"), in connection with the death of Chad Tronstad ("Tronstad") on February 1, 2018.

## JURISDICTION AND VENUE

2.     BITCO General is an Illinois corporation with its principal place of business in Davenport, Iowa and is authorized to transact business in the State of Montana.

3.     Defendant Wesco Operating is a Wyoming corporation with its principal place of business in Casper, Wyoming.

4.     Defendant St. Paul Fire & Marine Insurance Company ("St. Paul Fire & Marine") is the general liability insurance carrier for Wesco Operating. St. Paul Fire & Marine is a Connecticut corporation with its principal place of business in Hartford, Connecticut.  St. Paul Fire & Marine has tendered defense and indemnification of Wesco Operating to CT Contracting and BITCO General.

5. Defendant 4J Well Service is a Montana corporation with its principal place of business in Baker, Fallon County, Montana.

6. Defendant St. Paul Mercury Insurance Company ("St. Paul Mercury") is the general liability insurance carrier for 4J Well Service. St. Paul Mercury is a Connecticut corporation with its principal place of business in Hartford, Connecticut. St. Paul Mercury has tendered defense and indemnification of 4J Well Service to Wesco Operating who, in turn, tendered the defense and indemnification request to CT Contracting and BITCO General.

7. Defendant CT Contracting is Montana corporation with its principal place of business in Baker, Fallon County, Montana.

8. Sharon M. Tronstad, Co-Personal Representative of the Estate of Chad Leroy Tronstad, is a resident of Baker, Fallon County, Montana. Troy D. O'Connor, Co-Personal Representative of the Estate of Chad Leroy Tronstad is a resident of Billings, Yellowstone County, Montana.

9. This matter is brought pursuant to 28 U.S.C. §1332(a)(1). The amount in controversy in this action exceeds Seventy-Five Thousand Dollars ($75,000), exclusive of interest, costs and fees, and this action is between citizens of different States.

10. Venue lies in this forum pursuant to 28 U.S.C. §1391(a)(2) because the claims herein alleged are substantially related to events occurring in this district.

11. Venue is proper in the Billings Division pursuant to L.R. 3.2(b) because the claims alleged herein are contractual in nature and, pursuant to Mont.

Code Ann. § 25-2-121, a proper county for trial would be Fallon County. Pursuant to L.R. 1.2, Fallon County lies within the Billings Division.

12. Defendants St. Paul Fire & Marine, St. Paul Mercury, CT Contracting, and Sharon M. Tronstad and Troy D. O'Connor, as Co-Personal Representatives of the Estate of Chad Leroy Tronstad, are named in this Complaint as necessary parties to this action.

## THE MASTER SERVICE AGREEMENTS

13. Wesco Operating entered into a Master Service Agreement with CT Contracting ("CT MSA") dated August 14, 2014. A copy of the CT MSA is attached hereto as **Exhibit 1**. The CT MSA provided that Wesco Operating was engaged in numerous business activities, including but not limited to, the drilling and operating of exploratory and development wells, seeking and producing oil, gas, and other minerals for itself and for the account of others, and its activities related thereto. The CT MSA provided that Wesco Operating desired to employ CT Contracting from time to time to perform services offered by CT Contracting. The services to be provided by CT Contracting were to be mutually agreed upon by the parties from time to time.

14. Paragraph 7 of the CT MSA required each party to carry insurance as set forth in that paragraph. Paragraph 7 required each party to carry comprehensive general liability insurance, including contractual liability and insuring the indemnity provisions contained in the CT MSA and with a minimum limit of $1,000,000 per occurrence. Paragraph 7 further required each party to carry excess liability insurance above the minimum limits of $1,000,000 required

for comprehensive general liability insurance, specifically including contractual liability.

15.     Paragraph 8 of the CT MSA addressed liabilities, releases and indemnification.  Paragraph 8 of the CT MSA defined "Contractor Group", "Company Group", and "Claims."  Paragraph 8 provides: "Contractor shall release, indemnify, defend and hold Company Group harmless from and against any and all Claims caused by any member of Contractor Group or Contractors Group's subcontractors or their employees, agents or invitees.

16.     Wesco Operating entered into a Master Service Agreement with 4J Well Service ("4J MSA") dated October 29, 2014.  A copy of the 4J MSA is attached hereto as **Exhibit 2**.  The 4J MSA provided that Wesco Operating was engaged in numerous business activities, including but not limited to, the drilling and operating of exploratory and development wells, seeking and producing oil, gas, and other minerals for itself and for the account of others, and its activities related thereto.  The 4J MSA provided that Wesco Operating desired to employ 4J Well Service from time to time to perform services offered by 4J Well Service.  The services to be provided by 4J Well Service were to be mutually agreed upon by the parties from time to time.

17.     Paragraph 7 of the 4J MSA required each party to carry insurance as set forth in that paragraph.  Paragraph 7 required each party to carry comprehensive general liability insurance, including contractual liability and insuring the indemnity provisions contained in the 4J MSA and with a minimum limit of $1,000,000 per occurrence.  Paragraph 7 further required each party to

carry excess liability insurance above the minimum limits of $1,000,000 required for comprehensive general liability insurance, specifically including contractual liability.

18.   Paragraph 8 of the 4J MSA addressed liabilities, releases and indemnification. Paragraph 8 of the 4J MSA defined "Contractor Group", "Company Group", and "Claims." Paragraph 8 provides: "Company shall release, indemnify, defend and hold Contractor Group harmless from and against any and all Claims brought by, through, caused by or derived from any member of Company Group or Company Group's other contractors or their employees, agents, consultants or invitees."

## THE INSURANCE POLICIES

19.   BITCO General issued a Commercial General Liability policy to CT Contracting, policy number CLP 3 659 939H, for the policy period 11/1/17 to 11/1/18 (the "BITCO CGL Policy"). The policy was cancelled by CT Contracting effective 2/21/18. A copy of the BITCO CGL Policy issued to CT Contracting is attached hereto as **Exhibit 3**.

20.   The BITCO CGL Policy's Commercial General Liability Coverage Form provides:

**SECTION I - COVERAGES**
**COVERAGE A - BODILY INJURY AND PROPERTY DAMAGE LIABILITY**

**1.  Insuring Agreement**

   a.   We will pay those sums that the insured becomes legally obligated to pay as damages because of "bodily injury" . . . to which this insurance applies. We will have the right and duty to defend the insured against any "suit" seeking those damages. However, we will

have no duty to defend the insured against any "suit" seeking damages for "bodily injury" . . . to which this insurance does not apply.

\* \* \*

**2.   Exclusions**

This insurance does not apply to:

\* \* \*

b.   Contractual Liability

"Bodily injury" . . . for which the insured is obligated to pay damages by reason of the assumption of liability in a contract or agreement.  This exclusion does not apply to liability for damages:

\* \* \*

(2)   Assumed in a contract or agreement that is an "insured contract", provided the "bodily injury" . . . occurs subsequent to the execution of the contract or agreement. ...

\* \* \*

**SECTION V - DEFINITIONS**

\* \* \*

9.   "Insured contract" means:

\* \* \*

f.   That part of any other contract or agreement pertaining to your business . . . under which you assume the tort liability of another party to pay for "bodily injury" . . . to a third person or organization. Tort liability means a liability that would be imposed by law in the absence of any contract or agreement. ...

21.   The BITCO CGL Policy includes an Oil & Gas Extended Liability Coverage Endorsement, which provides:

\* \* \*

A.  **AUTOMATIC ADDITIONAL INSURED COVERAGE - ONGOING OPERATIONS**

**SECTION II - WHO IS AN INSURED** is amended to include as an additional insured any person or organization who is required by written contract to be an additional insured on your policy, but only with respect to liability for "bodily injury" . . . caused, in whole or in part, by:

1. Your acts or omission; or

2. The acts or omissions of those acting on your behalf;

in the performance of your ongoing operations for the additional insured(s) at the project(s) designated in the written contract.

\* \* \*

E.  **INSURED CONTRACT EXTENSION - RAILROAD PROPERTY AND CONSTRUCTION CONTRACTS**

Item **9**. of **SECTION V - DEFINITIONS**, is deleted and replaced with the following.

9. "Insured contract" means:

\* \* \*

   f. That part of any other contract or agreement pertaining to your business . . . under which you assume the tort liability of another party to pay for "bodily injury" . . . to a third person or organization. Tort liability means a liability that would be imposed by law in the absence of any contract or agreement.

22. BITCO General issued a Commercial Umbrella Policy to CT Contracting, policy number CUP 2 814 262 H, for the policy period 11/1/17 to 11/1/18 (the "BITCO CUP Policy"). The policy was cancelled by CT Contracting effective 2/21/18. A copy of the BITCO CUP Policy issued to CT Contracting is attached hereto as **Exhibit 4**.

23. The BITCO CUP Policy provides:

## SECTION I - COVERAGES

In consideration of the payment of premium and subject to the Limit of Insurance shown in the Declarations page, and all the exclusions, terms and conditions of this policy, we agree with you as follows:

**COVERAGE A. BODILY INJURY AND PROPERTY DAMAGE LIABILITY**

1. **INSURING AGREEMENT**

   a. We will pay on behalf of the insured the "ultimate net loss" in excess of the "retained limit" because of "bodily injury" . . . caused by an "occurrence" which takes place during the policy period and in the "coverage territory."

   \* \* \*

2. **EXCLUSIONS**

   This Insurance does not apply to:

   \* \* \*

   c. "bodily injury" . . . for which the insured is obligated to pay damages by reason of the assumption of liability in a contract or agreement. This exclusion does not apply to liability for damages:

   (1) That the insured would have in the absence of the contract or agreement; or

   (2) Assumed in a contract or agreement that is an "insured contract," provided the "bodily injury" . . . occurs subsequent to the execution of the contract or agreement. ...

   \* \* \*

## SECTION III - WHO IS INSURED

\* \* \*

4. Any person or organization not described in Paragraphs 2.a., 2.b., 2.c., 2.d. or 3 above which qualifies as an insured in any "underlying insurance." However, that person or organization is an insured only for damages:

  (a)  Which are covered by this insurance; and

  (b)  Which are covered by the "underlying insurance" or would be covered had its applicable limit of insurance not been used up.

* * *

## SECTION VI - DEFINITIONS

* * *

10. "Insured contract" means:

* * *

  f.  That part of any other contract or agreement pertaining to your business . . . under which you assume the tort liability of another party to pay for "bodily injury" . . . to a third person or organization. Tort liability means a liability that would be imposed by law in the absence of any contract or agreement.

## THE ACCIDENT

24. Wesco Operating owns and operates an oil well site, BN 33-5, in Fallon County, Montana.

25. On and/or before February 1, 2018, 4J Well Service had performed work on the BN 33-5 well site at the request of Wesco Operating.

26. On or about February 1, 2018, Wesco Operating requested CT Contracting perform services on the BN 33-5 well site.

27. On February 1, 2018, Tronstad went to the BN 33-5 well site to perform fluid level samples. Tronstad encountered high pressure on the BN 33-5 well site and an explosion occurred which resulted in the death of Tronstad.

## THE UNDERLYING LAWSUIT

28.  On January 29, 2021, The Estate of Chad Leroy Tronstad filed a lawsuit ("Underlying Lawsuit") against Wesco Operating and 4J Well Service in Montana's Sixteenth Judicial District Court, Fallon County, Cause No. DV-13-2021-0003-WF.  A copy of the Complaint is attached as **Exhibit 5**.

29.  The Underlying Lawsuit alleges:

- that the BN 33-5 well site which Wesco Operating owned and 4J Well Service worked on had unexpected high pressure on February 1, 2018, and that Tronstad encountered the unexpected pressure or conditions while performing the work he was directed to do which resulted in an explosion which ended his life, *Id.*, ¶ 12,

- that Wesco Operating and 4J Well Service had a duty to use reasonable care in the ownership, operation, and work performed on the well site, *Id.*, ¶ 14,

- that Wesco Operating and 4J Well Service had a duty to use reasonable care in their actions so as not to cause injury and damage to others, *Id.*, ¶ 15,

- that Wesco Operating and 4J Well Service breached their duties of reasonable care owed toward other persons, including Tronstad, *Id.*, ¶ 16,

- that Wesco Operating and 4J Well Service failed to act reasonably and use due care in the ownership, operation, and work performed on the BN 33-5 well site and exposed Tronstad to unexpected high pressure while performing his work on the well site and causing his death, *Id.*,

- that Wesco Operating and 4J Well Service failed to use reasonable care in the ownership, operation, and work performed on the well, and failed to use reasonable care in their actions and operations so as not to cause injury and damage to others, *Id.*, ¶ 17.

30.  Count I of the Underlying Lawsuit asserts a cause of action for negligence.  Count II asserts a cause of action for survivorship.  Count III asserts

a cause of action for wrongful death.  Count IV asserts a cause of action for loss of consortium.

31.   Wesco Operating tendered defense of the Underlying Lawsuit against to BITCO General.  BITCO General has agreed to defend Wesco Operating under a reservation of rights.

32.   4J Well Service tendered defense of the Underlying Lawsuit to Wesco Operating.  Wesco Operating, in turn, tendered defense of 4J Well Service to BITCO General.  BITCO General has agreed to defend 4J Well Service under a reservation of rights.

33.   An actual controversy exists between BITCO General and Wesco Operating and 4J Well Service regarding whether BITCO General owes any defense or indemnity obligations to Wesco Operating or 4J Well Service under the BITCO CGL Policy or the BITCO CUP Policy with respect to the Underlying Lawsuit.

## COUNT I - DECLARATORY RELIEF - CHOICE OF LAW

34.   BITCO General repeats and incorporates by reference herein the allegations of Paragraphs 1 through 33 of this Complaint.

35.   The CT MSA and 4J MSA contain applicable law provisions which provide that the "validity, construction, and interpretation of this Agreement shall be governed and controlled by the substantive laws of the State of Wyoming, excluding and (sic) conflicts, laws or choice of law principles."

36. BITCO General seeks a declaration that Wyoming law applies to the interpretation of the CT MSA and 4J MSA, including the insurance paragraph and the indemnity paragraph.

## COUNT II - DECLARATORY RELIEF - CONTRACTUAL DUTY TO DEFEND

37. BITCO General repeats and incorporates by reference herein the allegations of Paragraphs 1 through 36 of this Complaint.

38. Wyo. Stat. § 30-1-131 is an anti-indemnity statute which voids any agreement, covenant, or promise contained in, collateral to or affecting any agreement pertaining to any well for oil or gas in which the indemnitee seeks indemnification for its own negligence.

39. BITCO General seeks a declaration that Wyoming's anti-indemnity statute applies to the interpretation of the CT MSA and 4J MSA and prevents Wesco Operating and/or 4J Well Service from seeking defense or indemnity from CT Contracting.

## COUNT III - DECLARATORY RELIEF - BITCO GENERAL'S DUTY TO DEFEND OR INDEMNIFY WESCO OPERATING AND/OR 4J WELL SERVICE UNDER THE BITCO CGL POLICY OR THE BITCO CUP POLICY

40. BITCO General repeats and incorporates by reference herein the allegations of Paragraphs 1 through 39 of this Complaint.

41. Under the BITCO CGL Policy's Oil & Gas Extended Liability Coverage Endorsement, the definition of an insured is amended to include as an additional insured any person or organization who is required by written contract

to be an additional insured on your policy, but only with respect to liability for "bodily injury" . . . caused, in whole or in part, by: 1. Your acts or omission; or 2. The acts or omissions of those acting on your behalf; in the performance of your ongoing operations for the additional insured(s) at the project(s) designated in the written contract.

42.     Wesco Operating and 4J Well Service do not qualify as an additional insured because the CT MSA does not designate the BN 33-5 well site as a project where CT Contracting is to perform services.

43.     Under the BITCO CUP Policy, an insured is defined to include any person or organization note described in Paragraphs 2.a., 2.b., 2.c., 2.d. or 3 which qualifies as an insured in any "underlying insurance". Because Wesco Operating and 4J Well Service do not qualify as an "additional insured" under the BITCO CGL Policy, they do not qualify as an "additional insured" under the BITCO CUP Policy.

44.     The BITCO CGL Policy and the BITCO CUP Policy both contain exclusions for "bodily injury" for which the insured (CT Contracting) is obligated to pay damages by reason of the assumption of liability in a contract or agreement unless assumed in a contract or agreement which is an "insured contract". Both policies define an "insured contract" as that part of any other contract or agreement pertaining to your business . . . under which you assume the tort liability of another party to pay for "bodily injury" . . . to a third person or organization.

45. The CT MSA does not qualify as an "insured contract" under the BITCO CGL Policy or the BITCO CUP Policy because Wyoming's anti-indemnity statute voids the CT MSA indemnity paragraph to the extent Wesco Operating and/or 4J Well Service seek indemnity for their own negligence.

46. BITCO General seeks a declaration that neither Wesco Operating nor 4J Well Service are an insured or an additional insured under the BITCO CGL Policy or the BITCO CUP Policy for the reasons set forth above and, therefore, BITCO General does not have any obligation to defend or indemnify Wesco Operating or 4J Well Service.

WHEREFORE, Plaintiff BITCO General Insurance Corporation respectfully requests that this Court enter a judgment:

(a) declaring that BITCO General has no obligation to defend or indemnify Wesco Operating or 4J Well Service with regard to the Underlying Lawsuit;

(b) awarding BITCO General its costs and disbursements in prosecuting this action; and

(c) awarding all other and further relief as this Court deems just and proper.

DATED this 3rd day of June, 2021.

      /s/ Jesse Beaudette
Jesse Beaudette
BOHYER, ERICKSON,
BEAUDETTE & TRANEL, P.C.
*Attorneys for Plaintiff*